# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| STEVE D'ALESSANDRO, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 07 C 4975 |
| | ) |
| JAMES BRUMBAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiffs allege that in September 2006, Plaintiff Tyler D'Alessandro ("Tyler") was 12 years old and was enrolled in the 7th grade at Indian Trail Junior High School ("Indian Trail"). According to Plaintiffs, on Friday, September 22, 2006, Tyler left the school grounds after school, accompanied by his friend James Wisemiller ("Wisemiller") and an eighth-grade student that Tyler did not know ("Eighth-grader"). Plaintiffs allege that Tyler opened his book bag and realized that

1

he was carrying a utility knife ("Knife") that he put in his bag on a prior occasion when he made a trip to his father's workshop. According to Plaintiffs, Tyler showed the Knife to Wisemiller and let Wisemiller hold the Knife. The Eighth-grader allegedly then took the Knife from Wisemiller and ran at another student, brandishing the Knife in a menacing manner. The Eighth-grader allegedly then returned the Knife to Tyler and Tyler and Wisemiller both left the area.

  Plaintiffs allege that on Monday, September 25, 2006, a parent of the student that the Eighth-grader allegedly menaced with the Knife complained to Defendant Michael Brumbaugh ("Brumbaugh"), the Dean of Students at Indian Trail. Brumbaugh then allegedly had Tyler removed from class and questioned Tyler about the incident. According to Plaintiffs, Brumbaugh then conferred with Defendant Terry Sliva ("Sliva"), the Building Principal for Indian Trail. Brumbaugh and Sliva allegedly decided that Brumbaugh should remove Tyler from school and drive Tyler to his home. Brumbaugh then drove Tyler to his home. Once at Tyler's home, Brumbaugh allegedly ordered Tyler to let them into the residence to search for the Knife. Brumbaugh allegedly found the Knife in the residence and then took the Knife and Tyler back to school. Plaintiffs allege that neither of Tyler's parents, Plaintiff Steve D'Alessandro ("Steve") nor Plaintiff Kelly D'Alessandro ("Kelly") were contacted before Tyler was removed from school. Plaintiffs also contend that

2

neither Steve nor Kelly gave permission for the search of their residence. In addition, Plaintiffs claim that Indian Trail never informed Steve or Kelly of the search of the residence and that they only became aware of the search when Tyler returned home from school and told them. Plaintiffs also claim that during the search of the residence, Kelly was at him taking a shower, and that Brumbaugh was aware of that fact, but did not wait to speak with Kelly before leaving the residence.

On September 27, 2006, Tyler was allegedly suspended for 10 days for the Knife incident. Steve and Kelly allegedly complained about the incident and the actions of the school officials. In retaliation for the complaints, Defendant Donald Hendricks ("Hendricks"), the Superintendent of the School District, allegedly increased Tyler's punishment to a transfer from Indian Trail to an alternative educational program. Plaintiffs contend that Steve and Kelly continued to complain about the actions of the school officials and in retaliation, Tyler's punishment was again increased, this time to a recommendation for expulsion.

In the complaint, Plaintiffs also make reference to an action in the Circuit Court of DuPage County. Plaintiffs contend that on February 20, 2007, the court in that matter determined that the search of their residence allegedly orchestrated by Sliva and Brumbaugh violated Plaintiffs' Fourth Amendment rights.

Plaintiffs include in the complaint in the instant action First Amendment

retaliation claims brought pursuant to 42 U.S.C. § 1983 ("Section 1983") (Count I), Section 1983 Fourth Amendment conspiracy claims (Count II), Section 1983 due process conspiracy claims (Count III), state law false imprisonment conspiracy claims (Count IV), and a state law indemnity claim (Count V). Defendants move to dismiss all the claims.

## LEGAL STANDARD

In ruling on a motion to dismiss, brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*,

4

496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

**DISCUSSION**

I. First Amendment Retaliation Claims (Count I)

Defendants argue that the court should dismiss the First Amendment retaliation claims since Plaintiffs do not allege that they engaged in any protected speech. For a Section 1983 First Amendment retaliation claim a plaintiff must establish that: (1) "the plaintiff's speech was constitutionally protected," and (2) "the defendant's actions were motivated by the plaintiff's constitutionally protected speech." *Kokkinis v. Ivkovich*, 185 F.3d 840, 843 (7th Cir. 1999). If the plaintiff is able to "demonstrate that his constitutionally protected speech was a substantial or motivating factor in the defendant's actions, the defendant is given the opportunity to demonstrate that it would have taken the same action in the absence of the plaintiff's exercise of his rights under the First Amendment." *Id.* Defendants argue that Plaintiffs have not alleged facts that indicate that they engaged in protected speech.

The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend I. The First Amendment protects a parent from retaliation for complaining to school authorities of a school attended by the parent's child when the parent is speaking out

about matters of public concern.  *Crowley v. McKinney*, 400 F.3d 965, 973 (7th Cir. 2005).  The First Amendment does not protect such a complaining parent from "retaliation for statements that were intended not to alter public opinion or beliefs but merely to resolve a personal grievance on favorable terms." *Id.*

Defendants argue that Plaintiffs allege only that Steve and Kelly complained to Indian Trail as part of a personal dispute between them and Indian Trail officials.  In *Crowley*, the Court was faced with a First Amendment retaliation claim filed by a parent that had complained to school authorities about certain matters relating to the parent's child.  *Id.* at 967-68.  The Court reviewed a dismissal by the district court of the claim on the basis that the parent's intent was solely to "resolve a personal grievance on favorable terms." *Id.* at 973.  The Court in *Crowley* reversed the district court's dismissal ruling, finding that although the main allegations concerning the parent's complaints indicated a personal intent, there were also other allegations referring to a history of prior complaints about school officials that could have been motivated by a desire to alter public views.  *Id.*

In the instant action, Plaintiffs include in the complaint allegations that indicate that Steve and Kelly were personally concerned about the specific punishment that their son received at school.  However, as in *Crowley*, Plaintiffs also allege facts that indicate that they were also speaking out of concerns about public

7

matters. Plaintiffs' outrage at the actions taken by school officials went far beyond the disagreement as to what the proper punishment should have been for Tyler. Plaintiffs' allegations clearly indicate that Steve and Kelly were outraged, not only by the punishment of their son, but also by the decision of Brumbaugh allegedly to remove their son from school and to search their home without their consent. In addition, Steve and Kelly allegedly voiced complaints that the school officials were using their authority arbitrarily to retaliate against Steve and Kelly for voicing their concerns about their son's treatment and their outrage at a school official entering their residence without their consent. Such complaints concerning the actions of school authorities raise matters of public concern. In addition, Plaintiffs specifically allege in the complaint that, aside from the punishment given to Tyler, they "demanded that [Hendricks] investigate the conduct of [Brumbaugh] and remove him from his responsibilities." (Compl. Par. 18). The alleged desire to have Brumbaugh's actions investigated indicates a clear concern about public matters. Thus, based upon the pleadings before us, Plaintiffs have stated valid First Amendment retaliation claims and we deny the motion to dismiss the First Amendment retaliation claims (Count I).

II. Fourth Amendment Claims (Count II)

Defendants argue that Plaintiffs have failed to state valid Fourth Amendment claims.

### A. Fourth Amendment Conspiracy Claims

Defendants argue that Plaintiffs have failed to allege valid Fourth Amendment conspiracy claims since all of the alleged members of the conspiracy were members of the same governmental entity. The factual allegations also indicate that Plaintiffs' position is that there was a conspiracy between Sliva and Brumbaugh in regard to the search of Plaintiffs' residence. A conspiracy must involve more than one person and "[t]o be a conspirator, the [d]efendant would have to have a co-conspirator or co-conspirators with whom to conspire." *Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 642 (7th Cir. 2006). The intracorporate conspiracy doctrine provides that "a conspiracy cannot exist solely between members of the same entity." *Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999); *Keri*, 458 F.3d at 642 (stating that under the intracorporate conspiracy doctrine, "co-conspirators must be outside of the" entity to which the defendant belongs).

In the instant action, according to the allegations in the complaint, Defendants who allegedly engaged in the conspiracy to violate Plaintiffs' Fourth Amendment

rights are all employed at Indian Trail and were performing their work duties when executing the alleged conspiracy. Plaintiffs argue that the intracorporate conspiracy doctrine may not apply since Plaintiffs allege in the complaint that there could be unknown additional conspirators that might not have worked for Indian Trail. However, there are no allegations in regard to the alleged deprivation of Plaintiffs' Fourth Amendment rights that indicate the existence of other conspirators or that other conspirators worked for an employer other than Indian Trail. Indian Trail is deemed to be the sole actor and a conspiracy cannot have existed as a matter of law. Thus, we grant the motion to dismiss the Fourth Amendment conspiracy claims (Count II).

### B. Individual Fourth Amendment Claims

Plaintiffs contend that they are bringing individual Fourth Amendment claims as well as the conspiracy claims. Plaintiffs specifically allege in their complaint that Defendants engaged in "individual and concerted action." (Ans. 18); (Compl. Par. 28, 34). Defendants argue that the individual Fourth Amendment claims must fail because the complaint does not contain a detailed description of the role of each Defendant in the alleged misconduct. (Ans. 11). Defendants' argument consists of only one sentence and Defendants provide no legal support for this premise. As

indicated above, a plaintiff is not required at the pleading stage to provide a detailed factual background to state a valid claim. *Kyle*, 144 F.3d at 455. In the instant action, Plaintiffs have provided sufficient facts to discern each Defendant's role in the alleged wrongdoing and Plaintiffs have provided Defendants with sufficient notice of the claims being brought against them. Thus, Plaintiffs have stated valid individual Fourth Amendment claims (Count II). Therefore, we deny the motion to dismiss the individual Fourth Amendment claims (Count II).

III. Due Process Conspiracy Claims (Count III)

Defendants argue that Plaintiffs have failed to state valid due process claims.

A. Due Process Conspiracy Claims

Defendants argue that Plaintiffs have failed to state valid due process conspiracy claims. For the reasons stated above, no conspiracy could exist as a matter of law under the intracorporate conspiracy doctrine in regard to the Fourth Amendment conspiracy claims. As with the Fourth Amendment conspiracy claims, there are no allegations in regard to the alleged deprivation of Plaintiffs' due process rights that indicate the existence of other conspirators or that other conspirators worked for an employer other than Indian Trail. Thus, Plaintiffs' due process

conspiracy claims fail as a matter of law under the intracorporate conspiracy doctrine. Therefore, we grant the motion to dismiss the due process conspiracy claims (Count III).

B. Individual Procedural Due Process Claims

Defendants also argue that, aside from the intracorporate conspiracy doctrine, Plaintiffs have failed to state valid individual procedural due process claims. For a procedural due process claim, a plaintiff must establish that: (1) the government has interfered with a "'life, liberty, or property' interest protectable under the fourteenth amendment," and (2) the "entity responsible for the alleged deprivation" failed to "institute[] constitutionally sufficient procedural protections." *Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir. 1990). Defendants argue that Plaintiffs have failed to allege facts that indicate that they were deprived of a life, liberty, or property interest protectable under the Fourteenth Amendment.

Plaintiffs allege that Brumbaugh and Sliva removed Tyler from school "without the prior permission or consent from" Steve and Kelly, and that Brumbaugh and Sliva violated Steve's and Kelly's due process rights by the "removal of [Tyler] from school without prior notice to" Steve and Kelly. (Compl. Par. 34, 36). Plaintiffs argue that they have alleged facts that show that Steve's and Kelly's

constitutional rights to be accorded due process before being separated from their child is a valid basis for their procedural due process claims. (Ans. 21). The Due Process Clause protections prohibit the government from "separat[ing] the parent from the child, even temporarily, without according them due process of law to protect their liberty interests." *Russ v. Watts*, 414 F.3d 783, 786 (7th Cir. 2005)(stating that "[t]he due process clause requires that severances in the parent-child relationship caused by the state occur only with rigorous protections for the individual liberty interests at stake"). This interest protecting the parent-child relationship has been held to "'protect more than the custody dimension of the parent-child relationship' and . . . the protected relationship 'includes the parent's interest in the companionship, care, custody, and management of the child.'" *Id.* (quoting in part *Stanley v. Illinois,* 405 U.S. 645, 651 (1972)). At this stage of the proceedings, based upon the facts included in the complaint, there is not sufficient information to determine this issue. Such a determination is premature at the pleadings stage and is more appropriate at the summary judgment stage after discovery is conducted and evidence is presented. Therefore, at the pleadings stage, Plaintiffs have stated valid individual procedural due process claims and we deny the motion to dismiss the individual procedural due process claims (Count III).

### C. Individual Substantive Due Process Claims

In regard to potential individual substantive due process claims that Plaintiffs could bring, Plaintiffs would need to show that Defendants' actions could be "'characterized as arbitrary, or conscience shocking, in a constitutional sense'" rather than actions that could "find 'reasonable justification in the service of a legitimate governmental objective. . . .'" *Christensen v. County of Boone, IL*, 483 F.3d 454, 462 (7th Cir. 2007)(quoting *County of Sacramento v. Lewis,* 523 U.S. 833, 843 (1998)). Even though the allegations included in the complaint indicate that the school officials had a legitimate interest to address the conduct of Tyler, the alleged actions by school officials to remove Tyler from school and more specifically to search his home without the consent of Tyler's parents could possibly be deemed conscience shocking conduct. Not only do Plaintiffs allege that Brumbaugh forced Tyler, a minor, to let Brumbaugh into Tyler's residence without the parents' consent, Brumbaugh also allegedly searched the residence, knowing that Kelly was in the shower at the time. Thus, Plaintiffs have stated valid individual substantive due process claims. Therefore, we deny the individual substantive due process claims (Count III).

### IV. False Imprisonment Claims

Defendants contend that Plaintiffs have failed to state valid state law false imprisonment claims. For the reasons stated above, to the extent that Plaintiffs are intending to pursue false imprisonment conspiracy claims, those claims fail due to the intracorporate conspiracy doctrine and we grant the motion to dismiss those claims. In regard to the individual false imprisonment claims, Defendants contend that they are immune to liability under 745 ILCS 10/2-201, which provides that "[e]xcept as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused." 745 ILCS 10/2-201. Plaintiffs argue that the court should apply 105 ILCS 5/24-24, which provides the following:

> Maintenance of discipline. Subject to the limitations of all policies established or adopted under Section 14-8.05, teachers, other certificated educational employees, and any other person, whether or not a certificated employee, providing a related service for or with respect to a student shall maintain discipline in the schools, including school grounds which are owned or leased by the board and used for school purposes and activities. In all matters relating to the discipline in and conduct of the schools and the school children, they stand in the relation of parents and guardians to the pupils. This relationship shall extend to all activities connected with the school program, including all athletic and extracurricular programs, and may be exercised at any time for the safety and supervision of the pupils in the absence of their parents or guardians.

105 ILCS 5/24-24. We need not resolve at this juncture whether 745 ILCS 10/2-201 or 105 ILCS 5/24-24 is applicable to each of the Defendants. We are presented with

only a limited record at the pleadings stage, consisting of bare allegations. We must accept as true the allegations in the complaint and there are many unknown facts relating to the above issue, which Plaintiffs were not required to include in the complaint in order to state a valid false imprisonment claim. An assessment of Indian Trail's policies and rules and each of the Defendants' precise job duties, and involvement in the allege misconduct can more properly be made at the summary judgment stage. Therefore, we deny the motion to dismiss the individual false imprisonment claims (Count IV).

V. *Monell* Claims

Defendants also argue that Plaintiffs have not pled sufficient facts to support a corresponding *Monell* claims. *See Lewis v. City of Chicago*, 496 F.3d 645, 656 (7th Cir. 2007)(stating that government employees are generally liable for their own misconduct and, thus, "'units of local government are responsible only for their policies rather than misconduct by their workers'" and articulating the elements for a *Monell* claim)(quoting *Fairley v. Fermaint,* 482 F.3d 897, 904 (7th Cir. 2007). In the instant action, Plaintiffs have provided sufficient allegations to state a *Monell* claim. For instance, Plaintiffs specifically allege that Hendricks was a policy-maker for Indian Trail. (Compl. Par. 5). Although Defendants argue that Hendricks was not a

policy-maker for Indian Trail, whether Hendricks or any other Defendant was a policy-maker or whether Defendants were following a school policy or custom when acting, are issues that can be more appropriately addressed at the summary judgment stage. Plaintiffs have provided sufficient allegations concerning each of their Section 1983 claims to support a corresponding *Monell* claim. Therefore, we deny the motion to dismiss the *Monell* claims.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the Fourth Amendment conspiracy claims (Count II), the due process conspiracy claims (Count III), and the false imprisonment conspiracy claims (Count IV). We deny the motion to dismiss the individual First Amendment retaliation claims (Count I), the individual Fourth Amendment claims (Count II), the individual due process claims (Count III), and the individual state law claims (Count IV). Finally, we deny the motion to dismiss the *Monell* claims.


_____
Samuel Der-Yeghiayan
United States District Court Judge


Dated: December 12, 2007